### Ezra Allen *versus* Warren Kimball.

Where the holder of two promissory notes made by the same person, commenced an action upon one of them, and after receiving money sufficient to pay it, from the sale of property assigned as collateral security for the notes, continued to prosecute the action and forebore to sue on the other note, which had become payable before the money was received, it was *held*, that in the absence of any appropriation by the maker, the holder would be deemed to have applied the money in payment of such other note.

Where, after a note was made, but before it was payable, the holder, for a good consideration, agreed verbally that he would not consider it as due, till the expiration of two months from the time of its original maturity, it was *held*, that such agreement, being executory, was not a bar to an action commenced on the note by such holder before the two months had expired.

Assumpsit on a promissory note, dated April 24th, 1837, made by the defendant, payable to his own order, in six months from its date, and indorsed to the plaintiff.

At the trial, before *Putnam* J., it appeared, that the defendant had indorsed to the plaintiff two other notes, one of which was paid at its maturity, and the other, which was for the sum of $ 1248·91 and interest, still remained due and unpaid, except as is hereafter stated ; that the defendant, at the same time, assigned to the plaintiff certain property in the hands of Negus & Jameson, of Alton, in Illinois, as collateral security for the payment of the notes ; and that several months afterwards it was agreed between the plaintiff and the defendant, that they should each give a power of attorney to John R. Kimball, authorizing him to receive the assigned property from Negus & Jameson, and dispose of it for cash.

The defendant offered to prove, that on the 25th of September, 1837, the plaintiff agreed, that he would not consider the note declared on as due till eight months from its date, if the defendant would give such a power of attorney to J. R. Kimball ; and that a power of attorney to that effect was given by the defendant thereupon.

It appeared by the writ, that the action was commenced on November 5th, 1837, which was before the expiration of eight months from the date of the note.

The defendant also introduced evidence tending to prove, that J. R. Kimball took possession of the goods in the hands

of Negus & Jameson, sold a greater part thereof, under the power of attorney from the plaintiff, and received payment therefor, to the amount of $ 1212·27 ; and that the residue of the goods were forwarded to the plaintiff.

The money paid for the goods sold was not received until after all the notes had become payable.

Upon this evidence it was agreed, that a verdict should be taken for the plaintiff, and that if the Court should be of opin- ion that the evidence amounted either to a bar to the action, or was sufficient to show a payment of the whole or any part of the note in suit, the plaintiff should be nonsuited, or the ver- dict reduced accordingly.

*Choate*, for the defendant, to the point, that the subsequent parol agreement by the plaintiff, extending the time of payment of the note in suit, being founded on a good consideration, was a bar to the action, cited *Grafton Bank* v. *Woodward*, 5 N. Hamp. R. 107 ; *Robinson* v. *Bachelder*, 4 N. Hamp. R. 40 ; *Low* v. *Treadwell*, 3 Fairfield, 444 ; *Erwin* v. *Saunders*, 1 Cowen, 249 ; *Keating* v. *Price*, 1 Johns. Cas. 22 ; *Frost* v. *Everett*, 5 Cowen, 498 ; *Dearborn* v. *Cross*, 7 Cowen, 50 ; *Ratcliff* v. *Pemberton*, 1 Esp. R. 35 : *Fleming* v. *Gilbert*, 3 Johns. R. 528 ; *Ward* v. *Winship*, 12 Mass. R. 484 ; *Ox- ford Bank* v. *Lewis*, 8 Pick. 458 ; 3 Phil. on Ev. (Cowen's ed.) 1461, 1477 ; and that the plaintiff must be deemed to have received enough under the assignment to pay the note in suit, and to have appropriated the amount so received to the payment thereof, *Pattison* v. *Hull*, 9 Cowen, 747 ; Collyer on Partn. 317 ; Theob. on Princ. & Surety, 221.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiff, to the point, that the parol agreement, being collateral and *executory*, did not bar the action, cited *Dow* v. *Tuttle*, 4 Mass. R. 414 ; *Perkins* v. *Gilman*, 8 Pick. 229 ; *Central Bank* v. *Willard*, 17 Pick. 150 ; *Walker* v. *Russell*, 17 Pick. 283 ; *Delacroix* v. *Bulkley*, 13 Wendell, 71 ; and that the plaintiff, in the ab- sence of any appropriation by the defendant, might elect to which note he would apply the proceeds of the assigned prop- erty, and by bringing this action, or continuing to prosecute it, did, in fact, elect to apply them to the payment of the note not in suit, *Peters* v. *Anderson*, 5 Taunt. 596 ; *Brewer* v. *Knapp*,

1 Pick. 332 ; *Alexandria* v. *Patten*, 4 Cranch, 417 ; *Phill-pott* v. *Jones*, 2 Adolph. & Ellis, 41 ; *Cruikshank* v. *Rose*, 1 Moody & Robinson, 100.

<em>Allen<br>v.<br>Kimball.</em>

WILDE J. afterward drew up the opinion of the Court. This was an action of assumpsit on a promissory note, which the defendant admits was made by him payable to his own order, and by him was indorsed to the plaintiff ; and he relies on two grounds of defence.

1. That the action was commenced before the note was by law payable.

2. And if not, that the note has been paid.

Admitting the facts offered in evidence by the defendant to have been satisfactorily proved, we are nevertheless of the opinion, that they do not show the payment of the note in controversy. The goods unsold and forwarded to the plaintiff, he has the right, by virtue of the assignment, to hold as collateral security ; and if he is accountable to the defendant for the money received for the amount of sales, he has a right to appropriate the amount to the payment of another of the notes, for the sum of $1248·91, and interest, which still remains due and unpaid.

The money paid for the goods sold was not received until after the commencement of this action, when the last mentioned note had become payable. The plaintiff, therefore, had a right to appropriate the money received to the payment of either note, as no appropriation had been made by the defendant. And we think his prosecution of this action, and his forbearing to sue the other note, is satisfactory evidence of his electing to appropriate the money received by him or his agent, to the payment of the other note. If no such election had been made, the Court would probably be authorized to allow the appropriation to be made towards the payment of the note not sued. The property was assigned as collateral security of all the notes. The first note was paid at maturity, but the other two were due and payable when the money in the plaintiff's hands was received. It is immaterial to the defendant, to the payment of which note the money is applied, unless his object be to subject the plaintiff to the liability of paying the costs of this suit, an object manifestly unjust, unless the action has been prematurely commenced.

Whether the action was thus commenced, is a question of greater difficulty, in respect to which there are conflicting decisions in this and other courts. *Dow* v. *Tuttle*, 4 Mass. R 414, is the leading case in this Commonwealth. That was an action on a note of hand payable in one year from the date. The defendant offered to prove, that at the time of making the note, it was agreed by the contracting parties, and was the condition on which the note was given, that payment should not be demanded until the expiration of five years. This evidence was rejected, and it was held by the Court, that such an agreement would be no bar to the action which was brought before the expiration of the five years. The ground of this decision was, that the oral agreement was a collateral promise of the payee in the note, for the breach of which, if there were a legal consideration, an action would lie ; and not that the agreement was merged in the written contract.

The case of *Perkins* v. *Gilman*, 8 Pick. 229, was an action on a promissory note, and the defendant pleaded, that after the making of the note the promisees, by a letter of license, in consideration of the defendant's inability to pay his debts, agreed to give him one year from the date of the letter of license to arrange his affairs and collect his debts, and engaged not to attach his goods nor sue or molest him in the mean time. This plea, on demurrer, was held bad, on the ground, that a covenant not to sue for a debt or other demand, within a limited time, cannot be pleaded in bar to an action brought within the time limited. This decision is certainly fully supported by the authorities there cited.

In the case of *Aloff* v. *Scrimshaw*, 2 Salk. 573, it was decided, that a covenant not to sue for a debt due on a bond, for ninety-nine years, could not be pleaded in bar to an action on the bond. The reason why a covenant never to sue for a demand due may be pleaded in bar to an action on the demand, is to avoid circuity of action, as the defendant in such an action would be entitled to recover back from the plaintiff the same amount of damages recovered against him, in an action on the covenant not to sue. This reason is not applicable to a covenant not to sue, for the breach of which the damages may be more or less according to circumstances. It was argued

for the defendant, that the plaintiff's agreement was not an agreement not to sue the defendant, but to enlarge the time of payment, and thus far to vary the terms of the contract. The agreement offered to be proved was, " that the plaintiff would not consider the note declared on as due till eight months from its date." The word " due " is not to be taken in its strict legal sense, for the debt was due immediately after the making of the note. The meaning was, that the plaintiff would not consider the note payable within the time mentioned. This amounts substantially to a promise not to call for or exact payment of the note within the time limited ; which is equivalent to a promise in express terms not to sue the note.

In the case of the *Central Bank v. Willard*, 17 Pick. 150, it was proved, that after a promissory note discounted by the bank had become due, the bank, upon the application of the promisor for a renewal, indorsed on the wrapper of the note the words, ' renewed for three months "; and the promisor paid the interest in advance, but the note was retained by the bank, and no new note was given. It was held, that the evidence proved an independent agreement, which could not bar the action on the note, and that, at most, it would be evidence of a collateral contract not to sue the note until after the time for which it was to be renewed.

These decisions fully maintain the present action ; and we think there is no sufficient reason for overruling them, notwithstanding the cases cited by the defendant's counsel, in some of which a different doctrine is laid down by the courts in New York and New Hampshire. The principle sustained by these decisions is, that a verbal agreement, upon a sufficient consideration, made subsequently to the giving of a note, may be given in evidence, to vary its effect ; and, consequently, that the time of performance of a simple contract in writing may be extended by a subsequent parol agreement between the parties.

The decisions of these courts are entitled to great respect, but, in our judgment, our own decisions are more conformable to the elementary principles of the law of contracts. In the present case, for instance, the promise offered to be proved is a promise from the plaintiff to the defendant, not from the de-

fendant to the plaintiff; it is a promise of forbearance, and to allow the defendant a further time to perform his contract; and to support the promise, there must be a consideration. There seems, therefore, to be no question that the plaintiff is liable to an action for the breach of his promise. , There is no promise by the defendant, except it should be implied, that he would pay the note in eight months from its date; and if the plaintiff had not commenced his action until after the eight months had expired, and had then declared on the note as payable in eight months from its date, it could not be admitted in evidence by reason of the variance.

These considerations seem to us to have weight, and to sustain the doctrine maintained by this Court, as being conformable to strict legal principles. The only objection to its practical effect is, that in order to administer justice, two actions may be necessary instead of one; but this is often necessary when there are independent covenants or contracts, and there can be no allowance of a set-off.

Another consideration in favor of continuing to maintain the doctrine long since established is, that parties must be presumed to have made their contracts in reference to the law as thus established. The plaintiff, when he agreed to postpone the time of payment, may be presumed to have known, that he could sue within the time limited, if he should think it necessary to secure his debt. He brought his action a short time before the enlarged time of payment expired, and secured his debt by attachment. If he consulted counsel, when he brought his action, as doubtless he did, he must have been informed, that he would be liable only to such damages as the defendant might recover against him, for the breach of his promise, which would be trifling, as the eight months had expired before the entry of his action. Under such circumstances, unless there were cogent reasons to the contrary, we ought to abide by the rule of *stare decisis*. We are of opinion, however, that the decisions of this Court on the point in controversy, are well maintained upon strict legal principles, although we concur in the law as laid down in many of the cases cited by the defendant's counsel, wherein it was held, that an executed verbal agreement, varying the terms of a previous written contract as

to the mode, time, or place of performing it, may be pleaded or given in evidence in an action on the contract. But in this class of cases it is the subsequent execution of the verbal agreement, and not the mere agreement, which operates as a bar, in the nature of payment or of an accord and satisfaction. If the agreement has not been executed, although the party may have tendered performance, which was refused, it cannot be proved or pleaded in bar of the action.

In the present case the agreement offered to be proved, was executory, for the breach of which the plaintiff is liable to an action, in which the present defendant will be entitled to a full indemnity for any damage which he has or may suffer. But the agreement cannot, as we think, operate as a bar to this action.

It cannot therefore be objected to this principle of law, which we deem to be correct, and to which we adhere, that it provides no remedy for a violation of the rights of the debtor. It, undoubtedly, may operate advantageously to the creditor in cases of the insolvency of the debtor; but the former cannot avail himself of the advantage at the expense of the latter; so that ultimately no injustice can be done to either party.

The conclusion upon the whole matter is, that in point of law the action is well maintained, and the plaintiff is entitled to

*Judgment on the verdict.*